*E-FILED - 3/6/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>    v.<br><br>PIUS AILEMEN,<br><br>    Defendant/Petitioner. | No. C-04-0823 RMW<br>Related to: CR-94-0003<br><br>ORDER DENYING: PETITIONER'S (1) MOTION FOR RECONSIDERATION OF DENIAL OF 28 U.S.C. § 2255 MOTION; AND (2) EMERGENCY MOTION FOR DISCOVERY; ORDER GRANTING CERTIFICATE OF APPEALABILITY<br><br>**[Re Docket Nos. 53, 54, 55 and 56]** |
|---|---|

Petitioner Pius Ailemen moves for reconsideration of the court's order of December 30, 2008 denying his petition pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his federal criminal conviction and sentence. Petitioner also moves for emergency discovery. The court has considered the moving papers including the supplement to the motion for reconsideration. The motions are denied.

The motion for reconsideration essentially reargues the points made in the original motion. Petitioner obviously put a great deal of time and effort into his original motion and his request for reconsideration. However, the court does not find that petitioner has shown he is entitled to relief or that an evidentiary hearing is necessary.

The court does hereby issue a certificate of appealability on the some of the issues raised by petitioner's contention that he was deprived of his right to effective assistance of trial counsel.

1  Specifically, the court grants a certificate with respect to the issue of whether he was denied
2  effective representation based upon his contentions that: (a) counsel deprived him of his right to
3  testify; (b) counsel made a promise to the jury in their opening statement that they failed to support
4  by evidence; and (c) the hostility between defense counsel themselves and between them and the
5  court resulted in prejudice to defendant.  A certificate is denied as to all other issues.

6  Petitioner's emergency discovery motion seeks discovery of the informant status of U.S.
7  Congressman Jesse Jackson, Jr. who was called as a witness on behalf of the defense.  Petitioner
8  claims he learned from reports in connection with the investigation of former Illinois Governor
9  Blagjevich that Jackson has been a government informant for ten years.  Petitioner contends that the
10 prosecution and judge in his case managed and controlled Jackson.  Therefore, he wants produced
11 all information about Jackson's informant status.

12 Petitioner's motion is based upon speculation.  Further, petitioner does not explain how the
13 alleged management and control by the prosecution and judge adversely affected Jackson's
14 testimony such that it prejudiced him.  The motion is denied.

DATED:   3/5/09

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Pius Ailemen
84447-001 B
Federal Corrections Institute
P.O. Box 1000
Sandstone, MN 55072

**Counsel for Defendants:**

| | |
|---|---|
| Mark L. Krotoski | Mark.Krotoski@usdoj.gov |
| Timothy J. Lucey | Timothy.Lucey@usdoj.gov |
| Eumi L. Choi | Eumi.Choi@usdoj.gov |
| Joseph P. Russoniello | Joseph.Russoniello@usdoj.gov |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 3/6/09             /s/ JG
                              **Chambers of Judge Whyte**

United States District Court
For the Northern District of California

ORDER DENYING: PETITIONER'S (1) MOTION FOR RECONSIDERATION OF DENIAL OF 28 U.S.C. § 2255 MOTION; AND (2) EMERGENCY MOTION FOR DISCOVERY; ORDER GRANTING CERTIFICATE OF APPEALABILITY
C-04-0823 RMW RELATED TO CR-94-0003 CRB          3